FILED

JAN 1 3 2006

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|   |   |   |
|---|---|---|
| MILDRED SANDOVAL, | \* | CIV. 03-4233 |
| | \* | |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| -vs- | \* | |
| | \* | |
| RITZ DEVELOPERS, INC., | \* | |
| a South Dakota corporation, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending are plaintiff's Motions for Judgment Notwithstanding the Verdict and for New Trial (Doc. 107). Federal Rule of Civil Procedure 50 now refers to "Judgment as a matter of law" rather than "Judgment notwithstanding the verdict." Plaintiff moves for judgment notwithstanding the verdict because "reasonable minds could not differ that the defendant was negligent and that Plaintiff was not negligent, or negligent less than slight, as a matter of law, based on the evidence in the case."

Plaintiff moves for a new trial because her proposed instruction 2A should have been given, because she should have been allowed to introduce into evidence defendants amended answers to interrogatories 5, 6, and defendant's answer to interrogatory 7, because post accident remedial measures should have been allowed into evidence for impeachment, because she should have been allowed to refer to post accident lighting modifications during plaintiff's closing argument to the jury; and because her objection to reputation evidence should have been sustained.

## DISCUSSION

## MOTION FOR JUDGMENT AS A MATTER OF LAW

1.   Claims of the Parties.

    a.    Plaintiff.

Plaintiff claims it is beyond question there was ice on the sidewalk. It was dark and the area was not adequately lit. The sidewalk at the spot of the slip and fall was below grade so it collected water. The fall occurred during the time of the year when temperatures rise above freezing during the day so snow melts. Water is produced both from the snow on the ground in the area surrounding the low spot and from the roof of the motel where water runs through a down spout and drains onto the sidewalk. The water collects in the low spot on the sidewalk. During the evening the temperature drops below freezing and the water collected on the sidewalk turns to black ice. One of the motel employees had seen ice at that place on the sidewalk in prior years. Jim Ritter, a principal owner of Ritz Developers, never inspected the sidewalk. "If in fact Ritter never saw the recurring ice problem at the subject location, his efforts of reasonable care for the benefit of his invitees ought to be deemed insufficient as a matter of law." Plaintiff relies on Welch v. Haase, 672 N.W.2d 689, (S.D. 2003). ". . .[A] jury is entitled to reject any and all evidence up to the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic." Welch at 695-696. There is no evidence which supports the verdict in favor of defendant.

    b.    Defendant.

Defendant claims it was not negligent, but also that plaintiff overlooks her own contributory negligence. Defendant relies on Gardner v. Buerger, 82 F.3d 248, 251 (8th Cir. 1996) (the nonmoving party gets the benefit of all reasonable inferences and the benefit of looking at the evidence in its favor) and on Wilson v. Brinker Int'l, Inc., 382 F.3d 765, 770 (8th Cir. 2004) quoting

2

MacGregor v. Mallinckrodt, Inc., 373 F.3d 923, 927 (8th Cir. 2004) ("This court will not set aside a jury verdict unless there is a complete absence of probative facts to support the verdict.")  Ritz hired reputable and good contractors to build the motel and sidewalk and complete the landscaping. The property and sidewalk are in good condition.  There are no cracks and no upheavals in the sidewalk. The levels of the sidewalk do not change.  The owners did not notice any low areas in the sidewalk that would pool water.  They did not receive any complaints about water pooling before plaintiff's fall.  It is their practice to remove ice and snow upon discovery.  On the day of the fall the sidewalk was clear and dry.  There had been no new snow.  It did not rain.  The temperature "had been around freezing the entire day" and melting was not anticipated by motel employees.  There was an area on the sidewalk where ice formed, but the employees were not aware of it until after plaintiff fell.  The water turned to ice in one hour.  On the way to the restaurant plaintiff and her family walked across the spot on the sidewalk where she later fell.  Water, not ice, was present at that time.  When the group returned across the same area after eating, about an hour later, ice had formed.  The evidence, therefore, supports a finding by the jury that defendant was not negligent. Additionally, the jury could reasonably have found Mrs. Sandoval herself negligent in an amount, which when compared to the negligence of Ritz, was more than slight and which bars her recovery. She had walked over the same place about an hour earlier.  There was a small puddle of water in the center of the sidewalk, but the sidewalk was otherwise dry.  On the return trip the group walked over the same area again.  Two of her group walked across the area first without difficulty.  They noticed the ice, but did not think anything about it.  The ice was not mentioned by them to Mrs. Sandoval. Her son Tony and his eight year old daughter walked ahead of Mrs. Sandoval.  Tony was about five feet ahead of her watching his daughter who was ahead of him running and playing in the snow. Mrs. Sandoval, too, was watching Tony's daughter.  Mrs. Sandoval and Tony were talking to each

other. Tony saw the ice on the sidewalk. He walked off the sidewalk on the grass and around the ice. He did not mention the ice to his mother because the ice was "so obvious that he assumed she would see it." Mrs. Sandoval was not watching the sidewalk before she fell.

2.     Analysis.

It is proper in slip and fall cases on ice ". . .to let the jury decide whether the property owner should have foreseen that people might injure themselves on visible ice patches on the property." Gearin v. Wal-Mart Stores, Inc., 53 F.3d 216, 217 (8th Cir. 1995). Minnesota law governed in that case. Minnesota law, like South Dakota premises liability law, imposes a duty on the landowner to protect its customers from even obvious hazards, if the landowner should anticipate the hazards might cause an injury. Gearin is a case where the defendant was seeking judgment as a matter of law. The principle applies both ways, i.e. where the plaintiff in this case is seeking judgment as a matter of law.

It was reversible error for the trial court to grant summary judgment against a plaintiff in a "slip and fall on ice" case (on the issue on assumption of the risk). Pettry v. Rapid City Area School Dist., 630 N.W. 2d 705, 708 (S.D. 2001). "This court has repeatedly stated that '[q]uestions of negligence, contributory negligence and assumption of the risk are for the jury in all but the rarest of cases so long as there is evidence to support the issues.' It is only when reasonable men can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs." Pettry at 708. This is not one of those rarest of cases where reasonable people could draw but one conclusion. The issues of Ritz's negligence and Mrs. Sandoval's contributory negligence were questions for the jury to decide. They were not questions to be decided as a matter of law by the court. Plaintiff's motion for judgment as a matter of law is DENIED.

4

## MOTION FOR NEW TRIAL

Plaintiff moves for a new trial on several grounds, including the failure to give her proposed jury instruction, and various evidentiary rulings. "A district court has broad discretion to instruct the jury in the form and language it considers fair and adequate to present the substantive law." Grogan v. Garner, 806 F.2d 829, 836 (8th Cir. 1986). Further, "a party is entitled to instruction reflecting that party's theory of the case if the instruction is legally correct and there is evidence to support it." Bursch v. Beardsley & Piper, 971 F.2d 108, 112 (8th Cir. 1992).   "A party is not, however, entitled to a specific formulation of an instruction." Gray v. Bicknell, 86 F.3d 1472, 1485 (8th Cir. 1996).   Federal Rule of Civil Procedure 61 governs the grant of a new trial based on evidentiary rulings. It "specifically prohibits the grant of a new trial based on errors in admission of evidence, unless refusal to take such action appears to the court inconsistent with substantial justice." Norton v. Caremark, Inc., 20 F.3d 330, 338 (8th Cir. 1994).   The same is true for the exclusion of evidence. See Fed. R. Civ. P. 61. Unless the evidentiary ruling complained of would "likely produce a different result" a new trial is not warranted. Williams v. Mensey, 785 F.2d 631 (8th Cir. 1986).   It is with these standards in mind that plaintiff's claimed errors are considered.

A.      REFUSAL TO GIVE PLAINTIFF'S PROPOSED INSTRUCTION 2A

1.      Claims of the Parties

a.      Plaintiff

Plaintiff claims the jury was "critically under instructed" because her proposed instruction 2A was not given.[1]  Plaintiff relies upon Luke v. Deal, 692 N.W. 2d 165 (S.D. 2005).  Plaintiff

---

[1]Plaintiff's Proposed Instruction 2A states:

An invitee upon land enters upon an implied assurance that the land has been prepared and made ready and safe for the invitee's reception. The invitee is therefore entitled to expect that the possessor will exercise reasonable care to

5

asserts the jury was "...essentially instructed...that the possessor of land owes a duty of reasonable care to its business invitees." She asserts the jury instructions should have included something beyond the simple duty of care. The instruction should have included language from comment (d) to the Restatement of Torts, Second, § 343. "The jury was left totally in the dark regarding Ritz Developer's duty to determine with certainty the actual condition of the premises which would be utilized by its business invitees. Even though the Trial Court's instructions may have satisfied the comment b. portion of the above South Dakota Supreme Court pronouncement, they did not satisfy the comment d. portion of that pronouncement, and accordingly, the jury was under instructed. This error constitutes reversible error. The jury was prevented from fulfilling its duty to compare and measure the actual behavior of Ritz Developers against the legal standard articulated by the South Dakota Supreme Court." (Doc. 100, p. 7).

    b.  Defendant

    Defendant asserts  plaintiff's proposed instruction 2A was not timely filed. The pre-trial Order required proposed jury instructions to be submitted 10 working days before trial, August 16, 2005. Plaintiff's proposed jury instruction was not submitted until August 29, the day before trial.

    Defendant asserts that, on the merits, the entire substance of plaintiff's proposed instruction 2A is subsumed in instructions 18, 19, and 20. "Proposed 2A fails to add any legal theories for the jury's consideration; it merely reiterates the instructions given by the Court." Defendant asserts the

---

make the land safe for the invitee's use for the purpose of the invitation.

Therefore, the invitee is entitled to expect that the possessor of land will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either make it reasonably safe by repair or give warning of the actual condition and the risk involved therein.

Source: Luke v. Deal, 2005 SD 6 (quoting Restatement (Second) of Torts Section 343, comments b and d)

difference between Luke and this case is that in Luke, the owner was aware of the concealed condition (propane tank buried by snow) but failed to notify the notify the invitee, whereas in this case, the danger (an ice patch) was unknown to the owner, but open and obvious to the invitee.

2.   Analysis

A new trial for failure to properly instruct the jury should be ordered only if "the error misled the jury or had a probable effect on its verdict." Burry v. Eustis Plumbing & Heating, Inc., 243 F.3d 432, 434 (8th Cir. 2001). The Court should consider whether the instructions "taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Id.

Jury instructions 18, 19, and 20[2] were given regarding premises liability. In addition, instruction 21, the definition of negligence, was given. Instructions 19 and 20 are quotes from the Restatement (Second) of Torts §§ 343 & 343A.

In Luke the problem was an incomplete instruction:

The possessor of land owes an invitee the duty of exercising reasonable or ordinary care for the invitee's safety. Michael Luke was an invitee of Jon Deal.

By contrast the instructions in this case were:

INSTRUCTION NO. 18
**INVITEE— DUTY TO INVITEE**
Mildred Sandoval was an invitee on the premises owned band occupied by the Defendant, Ritz Developers, Inc. An invitee is either a public invitee or a business visitor. A public invitee is a member of the public who is invited to enter or remain on the land for a purpose for which the land is held open to the public.
A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.
The possessor of land owes an invitee the duty of exercising reasonable or ordinary care for the invitee's safety.

---

[2]Instruction 18 is a combined version of SD Pattern Instruction 120-05 and 06. Plaintiff's proposed 2 and defendant's proposed 18 are substantially the same as the Court's instruction 18.
Instruction 19 is the Restatement (Second) of Torts § 343 & 343 A, modified. Defendant's proposed 19 is the same as the Court's instruction 19.
Instruction 20 is SD Pattern 120-07. Plaintiff's proposed 3 is the same as the Court's 20.

INSTRUCTION NO. 19
## DUTY OWED TO INVITEES
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a)  knows or by the exercise of reasonable care would discover The condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b)  should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c)  fails to exercise reasonable care to protect them against the danger.

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.


INSTRUCTION NO. 20
## DUTY TO INVITEE— OPEN AND OBVIOUS CONDITIONS
In general, an owner of land is not liable to an invitee for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to the invitee. However, if the owner of land has reason to believe that the condition will harm the invitee despite its obviousness, the owner has a duty to warn the invitee regarding the condition or to take other reasonable steps to protect the invitee.

The word "known" means that the invitee both knew of the existence of the dangerous condition, and also appreciated the probability and gravity of the danger posed by that condition. The word "obvious" means that the condition and the risk would be recognized by a reasonable person in the invitee's position, regardless whether the invitee subjectively recognized the danger. (Emphasis added)

Instructions 18, 19, and 20 (particularly 19 and 20) correctly state South Dakota premises liability law. Refusing plaintiff's proposed instruction 2A did not prejudice the verdict or the substantial rights of plaintiff. Torbit v. Ryder System, Inc., 416 F.3d 898, 905 (8th Cir. 2005). The district court must instruct the jury on plaintiff's claims and theories if the theories of law are legally correct, supported by the evidence, and brought to the court's attention in a timely request. Moses.com Securities, Inc. v. Comprehensive Software, 406 F.3d 1052, 1061 (8th Cir. 2005). Plaintiff's proposed instruction 2A was not timely. It was submitted to the Court on August 29th–the day before trial.[3]

---

[3]Local rule 51.1 requires jury instructions to be *filed with the clerk as ordered by the Court.* Plaintiff's proposed jury instruction 2A was not filed with the Clerk until August 31st. It does bear a facsimile transmission date, however, of August 29th and was received in chambers on that date. Nevertheless, the Court's Final Pretrial Order dated August 10, 2005, required the parties' proposed jury instructions to be submitted on or before August 16, 2005.

The timeliness issue aside, the Court's instructions were adequate. Plaintiff's proposed instruction 2A would merely have been supplemental to instructions 18, 19 and 20, explaining South Dakota premises liability law in yet another way. In Luke, the South Dakota Supreme Court did not hold the jury should have been instructed regarding the comments to the Restatement, but rather that the jury should have generally been instructed regarding the central issue in the case–the duty a landowner owed to an invitee of "known, concealed dangers." Luke, 692 N.W.2d at 170. In this case, there was no evidence (as in Luke) of concealed danger which was known to the landowner but not to the invitee. Instead, this was a straight forward slip and fall on a patch of ice. Three premises liability instructions based upon the South Dakota pattern instructions, the Restatement (Second) of Torts, along with a general negligence instruction were more than sufficient.

The absence of plaintiff's proposed instruction 2A likely did not prejudice plaintiff's rights. Giving plaintiff's proposed instruction 2A likely would not have produced a different jury verdict. The jury instructions fully, fairly, adequately and correctly stated the South Dakota law on premises liability as applied to this case. For these reasons, plaintiff's motion for a new trial based on the Court's refusal to give her proposed Jury Instruction 2A is DENIED.

    B.    REFUSAL TO ALLOW PLAINTIFF TO READ THE AMENDED ANSWERS TO INTERROGATORIES 5, 6, AND DEFENDANT'S ANSWER TO INTERROGATORY 7

        1.    Claims of the Parties.

            a.    Plaintiff.

Plaintiff claims answers to interrogatories are like any other evidence and may be admitted into evidence as allowed by the rules of evidence. The purpose of interrogatories is not merely to gather information but also to obtain statements that can be admitted at trial. Melius v. National

9

Indian Gaming Com'n, 2000 WL 1174994 (D.D.C. 2000). The answers to these interrogatories do not violate Federal Rule of Evidence 407 since they do not contain evidence of post-accident measures which would have made the injury less likely.

        b.    Defendant.

Both the Eighth Circuit and the South Dakota Supreme Court recognize subsequent remedial measures such as the application of ice melt as inadmissible in negligence cases. O'Dell v. Hercules, Inc., 904 F.2d 1194, 1204 (8th Cir. 1990); Donahue v. Phillips Petroleum Co., 866 F.2d 1008, 1013 (8th Cir. 1989); First Premier Bank v. Kolcraft Enterprises, Inc., 686 N.W.2d 430, 451 (SD 2004); Bland v. Davison County, 566 N.W.2d 452, 459 (S.D. 1997) (application of sand to an icy road after an accident is a subsequent remedial measure and is not admissible). Plaintiff suggests the answers are offered for impeachment and therefore, are admissible, but there is no testimony to impeach. The application of ice melt afterwards would show there was ice on the sidewalk when plaintiff fell. That fact is not disputed by Ritz, so there is nothing to impeach. Plaintiff is merely attempting to create a reason to read these answers to circumvent Federal Rule of Evidence 407.

        2.    Analysis.

Federal Rule of Civil Procedure 61 provides that error in the admission or exclusion of evidence is not ground for granting a new trial unless the refusal to grant a new trial appears to the court inconsistent with substantial justice.

The interrogatories and answers were:

5.    Identify each and every corrective action taken, either prior to or after the incident involved in this litigation to remedy any problem or condition on any sidewalk on the defendant's premises.

**ANSWER** (Supplemental):   N/A. No corrective action was taken. We do not feel there was any problem or condition of the sidewalk that needed remedying.

6.    Identify any intra-corporation discussions or memoranda with regard to any sidewalk problems and remedying any sidewalk condition on the premises.

**ANSWER** (Supplemental):   N/A.  No intra-corporation discussions or memoranda were held or exist.

7.    Identify all facts and circumstances known to defendant with regard to the light that was allegedly not working on the night of March 10, 2001, and any action taken to remedy that condition, including the date of such action.

**ANSWER:**   Defendant has no knowledge or information concerning a light which was allegedly not working.

These interrogatories expressly addressed "corrective active action taken, either prior to or after" (Interrogatory 5), "remedying any sidewalk condition" (Interrogatory 6), and "any action taken to remedy that condition" (Interrogatory 7).  The answers are noncommittal and do not tend to prove anything.  The court is otherwise aware the parties had a dispute following the discovery of a post accident memo which plaintiff thought should have been produced in response to plaintiff's discovery requests, and which defendant did not believe needed to be produced. (See Doc. 82, pp 104, Doc. 86, ¶ 3).   Plaintiff was persuaded defendant was playing hide the ball.  Defendant's motion in limine was granted in part and denied in part before trial (Doc. 86, ¶ 3).  Defendant's motion regarding interrogatories 5 & 6 was granted.  Defendant's motion regarding interrogatory 7 was partially granted and partially denied.  Plaintiff was allowed to read into evidence as much of the interrogatory 7 as did not speak to subsequent remedial measures and the answer.  Absent the benefit of a transcript, it is the memory of the court that plaintiff chose not to read as much of interrogatory 7 as was permitted, nor the answer.   There was no error in excluding the answers. Rule 407 says so.  Even if there was, Federal Rule of Civil Procedure 61 says the error is not a ground for a new trial unless refusing to grant a new trial would be inconsistent with  substantial justice.  Refusing to grant a new trial on this ground in this case is not inconsistent with substantial justice.  There was no purpose to be served in re-fighting this discovery battle in front of the jury. Plaintiff's motion for a new trial on this ground is DENIED.

C.  REFUSAL TO PERMIT PLAINTIFF TO IMPEACH CORPORATION WITH SUBSEQUENT REMEDIAL MEASURE EVIDENCE (APPLICATION OF SNOW MELT)

    1.  Claims of the Parties.

        a.  Plaintiff.

Plaintiff claims Federal Rule of Evidence 407 permits subsequent remedial measures evidence when offered for the purpose of impeachment. Plaintiff should have been allowed to elicit testimony about the statement of John Kotrba found in Cindy Sonne's accident report prepared on the night of the fall. This evidence shows that salt was applied to the ice on the sidewalk where the fall occurred after the fall had happened. The information about the application of snow melt after the accident was redacted from Exhibit 18 before it was received into evidence.

        b.  Defendant.

Defendant's claims are the same as described in Section B.1.b above, i.e. the location of the fall and the presence of ice at that location on the sidewalk are not disputed. There is no evidence from the defendant to impeach. This is merely an attempt to circumvent FRE 407 to introduce subsequent remedial measures evidence to establish negligence.

    2.  Analysis.

Exhibit 18 consists of three pages. The first page is informational— date, person filing the report, address, phone number, name of person injured, address and phone number, time and date, clerk on duty, signature of clerk, signature of injured person, signature of person filing the report. The second page is a drawing by John Kotrba of the layout showing the sidewalk near the pool area with the area of ice designated and marked by an "x" to show the place where Mrs. Sandoval fell. Page three is a narrative account written by the clerk, Cindy Sonne. All of what appeared on these three pages was received into evidence except the last sentence in which Cindy Sonne wrote: "John then went out & put ice melt on the side walk."

The sentence about putting salt on the sidewalk does not tend to prove or disprove any issue in the case so it is not relevant evidence. That salt was placed on the sidewalk after plaintiff's fall would tend to prove there was ice on the sidewalk and that salt had not been applied before plaintiff's fall, both of which were undisputed. The proffered evidence, therefore, was not for the purpose of impeachment. Putting salt on the side walk is a subsequent remedial measure which is not admissible to prove negligence under FRE 407. Federal Rule of Civil Procedure 61 provides the inclusion or exclusion of evidence is not a ground for granting a new trial unless the refusal to grant a new trial would be inconsistent with substantial justice. The ruling was appropriate. Even if it was error to reject as evidence the last sentence of Exhibit 18, refusing to grant a new trial as a result of the error is not inconsistent with substantial justice. Plaintiff's motion for a new trial on this ground is DENIED.

D.   REFUSAL TO PERMIT PLAINTIFF TO ARGUE TO THE JURY ABOUT SUBSEQUENT REMEDIAL MEASURE EVIDENCE INTRODUCED BY DEFENDANT (LIGHTING).

   1.   Claims of the Parties.

      a.   Plaintiff.

Plaintiff claims she should have been permitted to argue to the jury about lighting that showed on a video tape of the motel which was taken after the fall. The video tape was introduced into evidence by the defendant. The video tape showed that a double row of fluorescent bulbs existed under the soffit of the motel. Plaintiff was prohibited from pointing out to the jury that these lights did not exist on the building at the time of the fall. This allowed the jury to be misled about the lighting which existed at the scene of the fall at the time of the fall.

      b.   Defendant.

Defendant claims the testimony about the lighting appears in the deposition testimony of Jim Ritter which plaintiff herself put into evidence by reading all of his deposition to the jury. He

testified in the deposition about the lights which appear in the video tape which was later put into

evidence by the defendant. He explained the new lighting had been installed after plaintiff's fall

for the purpose of drawing attention to the motel, not for the purpose of illumination. He testified

those lights were not installed for the purpose of lighting the sidewalk. Since plaintiff herself

introduced the evidence that the lights were not for the purpose of illumination, she is not now in

a position to argue that she should have been allowed to point out to the jury that there was more

illumination added to the area after the fall than existed at the time of the fall. Reference to them

during argument to the jury was appropriately refused under FRE 407.

      2.    Analysis.

Defendant introduced a video tape into evidence which was taken only days before the trial,

if not during the trial. The purpose was to show the general layout of the motel, the sidewalk where

plaintiff fell, and the pool area. There was no narration. The tape was about one minute in length,

if that. The tape was made at a different time of the year from the time when Mrs. Sandoval fell.

It did not purport to show the actual conditions which existed at the time she fell. The lights plaintiff

claims she should have been able to point out to the jury did not exist at the time Mrs. Sandoval fell.

They did not tend to prove or disprove any fact material to the outcome of the case. They did not

lend significant light, if any at all, to the place where Mrs. Sandoval fell. In that sense, the lights

were not even remedial measures. Nonetheless, giving plaintiff the benefit of the doubt about the

light cast by these new lights under the soffit on the place where Mrs. Sandoval fell, they were

subsequent remedial measures which could not be used to prove negligence. There was no other

possible reason for plaintiff to point them out to the jury other than to try to prove defendant's

negligence by reference to them. It was appropriate to disallow plaintiff from doing so. Federal

Rule of Civil Procedure 61 provides that no error or defect in any ruling by the court is ground for

a new trial unless refusing to grant the motion for new trial would be inconsistent with substantial

justice. Even if it was error to refuse to allow plaintiff to use the subsequently installed lights to prove negligence, or something else, refusing to grant a new trial to plaintiff as a result of that pretended error is not inconsistent with substantial justice. Plaintiff's motion for new trial on the issue of soffit lighting is DENIED.

E.    OVERRULING PLAINTIFF'S OBJECTION TO REPUTATION EVIDENCE ABOUT DEFENDANT'S CONSTRUCTION CONTRACTOR

    1.    Claims of the Parties.

        a.    Plaintiff.

Plaintiff claims it was error to admit reputation evidence of defendant's sidewalk builder and landscaper over plaintiff's objection. At the time of ruling on the objection the court referred to FRE 405, but rules 404 and 608 govern this issue. Under those rules the evidence was not properly admitted. "This crucial evidence was utilized well by the Defendant to justify Defendants own lack of vigilance as to the sidewalk condition, all of which prejudiced unfairly Plaintiff's case."

        b.    Defendant.

Defendant claims the reputation evidence was offered to show Jim Ritter's state of mind and that of the other owners and employees of defendant. The evidence was offered in response to plaintiff's evidence that the low spot in the sidewalk and the continuing presence of water was so obvious that Ritz either knew or should have known about it. The reputation evidence tended to show that Ritz had no reason to know of any problems with the construction of its property because it hired excellent companies to complete the work. The evidence is not excluded under FRE 404. FRE 608 does not apply because no witness from the respective contractors testified. Reference to their reputations was not to buoy their testimony. Defendant relies on United States v. Martorano, 557 F.2d 1,9 (1st Cir. 1977), cert. den. 435 U.S. 922, 98 S.Ct. 1484, 55 L.Ed.2d 515 (1978).

2.    Analysis

No transcript has been made available to the court in connection with Plaintiff's post trial motions. It is not remembered that plaintiff referred to FRE 404 and 608 at the time her objection was made during the trial. Not having brought those matters to the attention of the court at the time the ruling was made deprives her of the right to raise them after the fact to establish that an error was made, unless a substantial right is affected. FRE 103(a)(1) provides error may not be predicated upon a ruling which admits evidence unless a substantial right of the party is affected and the objection states the specific ground of the objection, if the specific ground was not apparent from the context. In the Eighth Circuit grounds of objection ordinarily will not be considered which were not presented to the trial court with the exception of errors which seriously affect the fairness or integrity of the proceeding. Martin v. Arkansas Arts Center, 627 F.2d 876, 880 (8th Cir. 1980).

Nonetheless, the ruling to allow this testimony was correct, even if the wrong rule was used during the trial. The admission of the opinion expressed by Jim Ritter, a principal in Ritz, about the reputation of the builders hired by Ritz was not error. The opinion was admissible under FRE 701. Reliance on FRE 404, 405, and 608 is misplaced. Those rules speak to reputation evidence about character and conduct. The evidence was merely to show that Ritz hired building contractors who, in Ritz' opinion, were reputable.

**CONCLUSION**

Plaintiff's motion for judgment as a matter of law (Doc. 107-1) is DENIED because the questions of defendant's negligence and plaintiff's contributory and negligence were for the jury to decide. Plaintiff's motion for a new trial (Doc. 107-2) is DENIED because (1) the jury was adequately and fully instructed without giving plaintiff's proposed instruction 2A; (2) the rulings on plaintiff's interrogatories 5,6, and 7 were correct; (3) the rulings regarding subsequent remedial

16

measures were correct; and (4) the ruling regarding the admissibility of Jim Ritter's opinion that

Ritz's builders and landscapers were reputable was correct under FRE 701.

Dated this ___12th___ day of January, 2006.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: _Sharon Soure_____, Deputy

(SEAL)

17